| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

GEORGE ROY BROWN, SR., §
　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　§
*versus* §　　CIVIL ACTION NO. 1:05-CV-617
　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　§
　　　　Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　　　Petitioner George Roy Brown, Sr., an inmate confined at the Clements Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

　　　　The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections should be overruled.

　　　　Petitioner's conviction and sentence became final for purposes of the AEDPA's one-year statute of limitations when his time expired for filing a petition for discretionary review; that is, on June 21, 2003, thirty (30) days after the Court of Appeals denied Petitioner's motion for

rehearing on May 22, 2003.[1]  *See* TEX. R. APP. P. 68.2(a).  Therefore, the one-year period of limitations expired on June 21, 2004, absent any tolling.

Liberally interpreted, Petitioner's objections are construed to contend that the court should equitably toll the statute of limitations.  Petitioner states that he attempted to file his first state application for writ of habeas corpus on September 5, 2003.  Petitioner alleges that, instead of filing his application, the Clerk sent the application to his former attorney, Mrs. Christine Brown-Zeto.[2]  Petitioner states he immediately contacted the court and reminded the court Mrs. Brown-Zeto was no longer his attorney.  *See* Petitioner's Supplement to Objections (#16), at 1.  Petitioner claims he next contacted the court six months later; however, the Clerk refused to communicate with him.  *See id.*  Petitioner also claims Mrs. Brown-Zeto refused to communicate with him for four to six months.  *See id.*

In *Davis v. Johnson*, the United States Court of Appeals for the Fifth Circuit held that "the limitations period does not circumscribe federal jurisdiction, and can be equitably tolled in appropriate, albeit extraordinary circumstances."  158 F.3d 806, 807 (5th Cir. 1998).  Equitable tolling may be available if the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  *See Melancon v. Kaylo*, 259

---

[1] The magistrate judge concluded that Petitioner's conviction became final on August 28, 2003, based on Petitioner's statement that his Petition for Discretionary Review ("PDR") was denied on May 29, 2003. Petitioner, however, provided documentation along with his memorandum in support of the petition indicating that no petition for discretionary review was filed.

"In Texas, a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing the petition lapses." *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004), *cert. denied*, 541 U.S. 1032 (2004).  "If the defendant stops the appeal process before [seeking review by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires."  *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As part of his memorandum in support of the petition, Petitioner included a copy of a letter from the Ninth Court of Appeals stating that his motion for rehearing was overruled on May 22, 2003.  *See* Petitioner's Memorandum (#2-2), at 1.  Further, Petitioner wrote on the copy that his attorney refused to file a petition for discretionary review.  *See id*.  Therefore, the limitations period began to run earlier than calculated in the Report.

[2] A letter from Mrs. Brown-Zeto, dated January 23, 2006, states that Petitioner's application for writ of habeas corpus was not filed with the District Clerk because Petitioner sent it to the Court Reporter.  The Court Reporter then forwarded the application to Mrs. Brown-Zeto.  *See* Petitioner's Objections (#20), at 3.

F.3d 401, 408 (5th Cir. 2001).  Equitable tolling, however, should only be applied if the applicant diligently pursues relief.  *See id.*  Ignorance of the law, even for a *pro se* prisoner, does not generally warrant equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner's claim of delay by the Clerk is refuted by his own notarized letter to Mrs. Brown-Zeto, dated October 6, 2003, in which he states that the Clerk had told him "in several letters" his state application for writ of habeas corpus had been sent to Mrs. Brown-Zeto.  *See* Petitioner's Objections (#20), at 9-10.  Further, Petitioner acknowledges his awareness that Mrs. Brown-Zeto was no longer his attorney; therefore, Petitioner had no reasonable expectation that she would file the state application for him.

Despite knowing on or before October 6, 2003, that his state application for writ of habeas corpus had not been filed, Petitioner did not file his state application until more than 22 months later on August 29, 2005.  Petitioner has failed to set forth any reason he could not have filed the state application within the one-year period of limitations after learning his first application had not been filed.

In this case, Petitioner was not actively misled by Respondent about his cause of action. Nor has Petitioner demonstrated that extraordinary circumstances prevented him from asserting his rights.  Further, Petitioner did not diligently pursue his claims. Therefore, he is not entitled to equitable tolling.

Even assuming, *arguendo*, Petitioner is afforded equitable tolling from when his state application was sent to the Clerk but not filed until the date Petitioner learned of such error, Petitioner's federal petition for writ of habeas corpus remains untimely.  In such instance, the limitations period would be tolled from September 5, 2003, through October 6, 2003, a total of thirty-one (31) days.  Thus, the one-year limitations period would have expired on July 22, 2004.

As previously stated, Petitioner did not file this petition until August 29, 2005. Accordingly, Petitioner's claims are barred by the applicable limitations period.[3]

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

---

[3] In an exhibit filed March 2, 2006, Petitioner claims to have new evidence, an affidavit from a witness signed February 14, 2006. To the extent Petitioner may be attempting to bring the new evidence in this petition, Petitioner has not exhausted state habeas remedies with respect to such claim. Further, the factual predicate of the claim could have been discovered within the limitations period through the exercise of due diligence. Thus, the claim is untimely. Accordingly, the claim should be dismissed.

**O R D E R**

Accordingly, Petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

SIGNED at Beaumont, Texas, this 11th day of August, 2006.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE